**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| LINDA SMITH, and ) <br> KEN SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEXUS RVS, LLC., and ) <br> ALLY FINANCIAL, INC., ) <br> ) <br> Defendants. ) | CASE NO. 3:17-CV-00815-PPS-MGG |

**OPINION AND ORDER**

On October 19, 2018, Defendants filed a Motion to Compel Private Expert Inspection Under FRCP 34(a)(2). On November 2, 2018, Plaintiffs timely filed their response in opposition. Defendants' motion became ripe on November 9, 2018, when they filed their reply brief. For the reasons discussed below, the Court grants Defendants' motion to compel.

**I. RELEVANT BACKGROUND**

This case arises from numerous defects in a recreational vehicle purchased by Plaintiffs and manufactured by Defendant, Nexus RVs, LLC. As part of discovery, Plaintiffs' expert witness inspected the RV on September 6, 2018. The written report from that inspection was provided to Defendants on October 5, 2018. However, Defendants neither received notice of, or other express invitation to, this initial inspection nor did they request to be present at Plaintiffs' expert's inspection. Now, Defendants want their expert witness to conduct a private inspection of the RV.

Plaintiffs do not object to allowing Defendants' expert to inspect the RV, but do object to a private inspection and would like their counsel to attend.

In support, Plaintiffs' counsel explains that inspections outside the presence of counsel in some of his past cases have resulted in destructive testing of the RV at issue. Additionally, Plaintiffs' counsel alleges that the parties' law firms have established and observed an agreed inspection protocol for nearly four years. Plaintiffs' counsel argues that the protocol allows for plaintiffs to conduct a private inspection of the RV followed by a discussion among counsel to find a mutually agreeable date for defendants' inspection. Plaintiffs' counsel also suggests that the protocol could accommodate opposing counsel's attendance at either inspection upon request.

In early October 2018, the parties' attorneys engaged in email exchanges, telephone calls, and in-person conversations attempting to schedule the RV inspection at issue. In one of these communications, Plaintiffs' counsel dismissed a proposed inspection date because he would not available to attend. Defendants' counsel then informed Plaintiffs' counsel that he was "not invited to the inspection." [DE 21-13 at 4].

Shortly thereafter on October 12, 2018, Defendants served their Notice for inspection of the RV on October 25, 2018[1]. The Notice said nothing about who could or could not attend the inspection. During a subsequent telephonic conference to finalize the inspection details, counsel still disagreed as to whether Plaintiffs' counsel would be attending the inspection. On October 16, 2018, the day after this telephonic conference,

---

[1] This date would presumably have left Defendants sufficient time to serve their expert witness report on Plaintiffs on or before the Court's original expert witness deadline of November 5, 2018. [*See* DE 15 at 4].

2

Defendants served an Amended Notice of Inspection on Plaintiffs, in which they explicitly noticed an inspection of the RV to occur on October 25, 2018, "outside the presence of Plaintiffs and their representatives." [DE 21-9 at 1].

Upon receipt of the Amended Notice, Plaintiffs' counsel persisted in his position that the Defendants' inspection would not be private, but still agreed that the RV would be available for inspection on October 25, 2018. Several emails were exchanged in which the parties unsuccessfully attempted to resolve the question of a private inspection. Plaintiffs' counsel remained steadfast in his view that Defendants have no right to a private inspection, while Defendants' counsel insisted that they have a right to a private inspection under Federal Rule of Civil Procedure 26(b)(3)–(4), and 34(a)(2).

Plaintiffs served Defendants with a Written Objection to Defendants' Amended Notice of Inspection on October 19, 2019. After further communications that failed to resolve the matter, Defendants filed the instant motion to compel pursuant to Fed. R. Civ. P. 34(a)(2).[2] The parties agree that Rule 34 permits Defendants to inspect the RV. However, the parties still disagree about whether Defendants are entitled to perform an inspection of the RV outside the presence of Plaintiffs' counsel.

## II. ANALYSIS

Federal Rule of Civil Procedure 34 allows a party to request, "entry onto designated land or other property possessed or controlled by the responding party, so

---

[2] The Court acknowledges that the parties apparently did at one time agree to allow Plaintiffs, but not Plaintiffs' counsel, to attend Defendants' expert's inspection. Defendants appear to have withdrawn their agreement to this compromise when they filed their motion to compel. Therefore, the Court need not consider that option in resolving the instant motion to compel.

3

that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Should a party "fail[] to respond that inspection will be permitted—or fail[] to permit inspection—as requested under Rule 34," the aggrieved party may "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); (a)(3)(B)(iv).

When addressing motions to compel, the court has broad discretion and may deny discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *see also Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). "[A] district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002). Thus, Plaintiffs bear the burden here to show with specificity why Defendants' request for a private inspection of the RV is improper.

Defendants' operative Amended Notice of Inspection states:

Defendants, by counsel, and pursuant to Trial Rule 34 requests [sic] the private inspection of Plaintiffs' 2018 Nexus Phantom on October 25, 2018 beginning at approximetly [sic] 2:00 pm. at the home of Plaintiffs at 600 Maple Crest Lane Watertown, WI 53094.

Defendant's Expert, Paul Pierce, will be required to test drive the unit off premise and drive the unit to a nearby weigh station, along with a full inspection of the vehicle. The test drive will take palce [sic] under normal driving conditionas [sic] and Plaintiffs will be reimbursed for mileage

4

> using stndard [sic] reimbursement rates, upon submission to counsel for Defendant. Since the inspection will be non-destructive, Defednant [sic] will conduct the inspection outside the presence of Plaintiffs and their representatives.

[DE 19-7 at 3]. Arguing that Federal Rule of Civil Procedure 26 establishes a right for a private inspection, Defendants filed the instant motion asking the Court to enter an Order compelling a private expert inspection as specified in the operative Notice. Defendants also ask the Court to award their reasonable expenses, including attorney fees, associated with the instant motion citing Fed. R. Civ. P. 37(a)(5)(A).

### A. Right to Private Inspection

"Trial preparation materials are protected from disclosure by Fed. R. Civ. P. 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947)." *Shoemaker v. Gen. Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. 1994).

Rule 26(b)(3)(A) disallows discovery of documents and tangible things "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The Rule only allows the discovery of such information "if they are otherwise discoverable under Rule 26(b)(1)[3]; and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii). Even if

---

[3] Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

discovery of documents and tangible things prepared in anticipation of litigation is allowed under these exceptions, the court "must protect against disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). In other words, Rule 26(b)(3)(A) and (B) distinguish discoverable non-privileged facts underlying a party's documents and tangible things created in anticipation of litigation from the mental processes, impressions, conclusions, opinions, legal theories of an attorney or representative such as a retained expert, which are never discoverable. *See Valley Forge Ins. Co.*, 2017 WL 1361308, at *9 (citing *Vardon Golf Co. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 534 (N.D. Ill. 2003) (citing *Hickman*, 329 U.S. at 513C)).

Fed. R. Civ. P. 26(b)(4)(B) then defines the work product protections established in Rules 26(b)(3)(A) and (B) further by explicitly noting the "protect[ion of] drafts of any report or disclosure required under Rule 26(a)(2)[4], regardless of the form in which the draft is recorded."

Plaintiffs argue that Rule 26(b)(4) only applies to documents and tangible things prepared in anticipation of litigation. [*See* DE 21 at 18 (citing *Rackemann v. LISNR, Inc.*, No. 117CV00624MJDTWP, 2018 WL 3328140, at *3 (S.D. Ind. July 6, 2018); *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 114CV00006RLMSLC, 2017 WL 1361308, at *9 (N.D. Ind. Apr. 14, 2017)]. Applying this principle, Plaintiffs contend such protection does not extend to the mere observation of an expert's inspection of a tangible thing

---

[4] Rule 26(a)(2) establishes procedures for disclosure of expert testimony.

6

because the inspection is not a draft of the expert's report. Defendants, on the other hand, rely upon *Cottrell v. Dewalt Indus. Tool Co.*, No. 09 cv 5306, 2009 WL 5213876, at *2–*3 (N.D. Ill. Dec. 29, 2009) in support of their argument that a right to private inspection exists under Rule 26(b)(4)(B) to protect the mental impressions of the attorney and expert until after the expert's report is produced.

In their briefing, the parties cite cases on both sides of the question of whether a right to private inspection exists. As outlined above, however, the applicable rules of civil procedure do not explicitly provide a right of private inspection. Instead, the rules create a framework from which it can be determined whether a particular inspection in a specific case may be conducted outside the presence of opposing counsel. The rules simply allow for an inspection of tangible things like RVs (Rule 34) and then provide for the protection of the mental impressions and such of attorneys and their representative, including experts, (Rule 26(b)(3)) while ensuring that all of the inspecting expert's thoughts and efforts in preparing a report "regardless of the form." (Rule 26(b)(4)(B)). Without more explicit direction from the Rules, the Court is left to analyze the unique circumstances of this case to make the discretionary decision about a private inspection for Defendants. This case-by-case, particularized approach is supported by cases cited by the parties.

For instance, the court in *Diepenhorst v. City of Battle Creek*, No. 1:05CV00734, 2006 WL 1851243, at *1 (W.D. Mich. June 30, 2006) articulated well its particularized analysis in ascertaining that a private forensic inspection of original documents was warranted. In support, the court advocated the general proposition that "each party should be free

7

to engage in its own trial preparation unhampered by the intrusive supervision of the opposing party." *Id.* The court also relied on other courts in cases "where purely nondestructive testing [was] proposed" that typically "allow[ed] the examiner to perform his or her work without being scrutinized by the opposing expert." *Id.* Notably, however, the *Diepenhorst* court recognized that "the particular circumstances of a case may dictate a different result." *Id.* Said another way, *Diepenhorst* explained that the existence of a right to a private inspection does not automatically arise in every case; rather, the question of whether a right to private inspection exists requires analysis of the unique circumstances involved in each case.

In a different case, the court decided that opposing counsel should be allowed to be present at multiple site inspections needed in the litigation of a large class action by inmates regarding conditions at California prisons. *Coleman v. Schwarzenegger*, NO. CIV S-90-0520 LKK JFM P; NO. C01-1351 THE, 2007 U.S. Dist. LEXIS 99928, at *23–*25 (E.D. Cal. Oct. 30, 2007). The court found that open inspections were needed in that case to "promote efficiency and fairness." *Id.* at *24. The court reasoned that

> the presence of all counsel on all expert inspections will create the "common factual baseline" . . . concerning the events of inspection, thereby reducing the number of preliminary questions that must be explored in depositions and/or at the trial of this matter. In addition, given the likelihood that [the] experts will want to talk to members of the plaintiff class . . ., the presence of counsel minimizes potential conflicts arising from these communications.

*Id.* at *24–*25. Thus, the *Coleman* court was influenced by several facts unique to that class action—(1) the complex nature of the litigation, (2) the cost savings resulting from eliminating at least some preliminary questions at expert depositions or at trial, and (3)

the experts' interest in talking to class members—when deciding to allow, or even encourage, counsel's attendance at each site inspection.

Consistent with the discretion afforded by Rules 26(b)(3) and (4) and the particularized approach exemplified in both *Diepenhorst* and *Coleman*, this Court will inventory the unique concerns and circumstances of this case in deciding whether Plaintiffs' counsel should be allowed to attend Defendants' expert's inspection.

### 1. Fear of Destructive Testing

Plaintiffs want to observe Defendants' expert's inspection of the RV out of fear that destructive testing, even if inadvertent, will occur. Plaintiffs' fear is based upon the experience of their attorney in similar product liability cases. Yet the courts in both *Diepenhorst* and *Cottrell* allowed private inspections of tangible items when the inspecting party explicitly stated that it would only conduct nondestructive testing. *Cottrell*, 2017 WL 5213876, at *2–*3; *Diepenhorst*, 2006 WL 1851243, at *1. In *Cottrell*, the court was also influenced by the inspecting party's intention to document the tangible item's condition both before and after the inspection. 2017 WL 5213876, at *2.

Here, Defendants explicitly seek to perform nondestructive testing on Plaintiffs' RV. Taking Defendants and their counsel at their word, any damage during the inspection would be inadvertent with no guarantee that the presence of Plaintiffs or their counsel could prevent such unintentional and unanticipated damage. Moreover, the Court could ensure preservation of any evidence related to the conduct of the inspection by other means such as ordering Defendants to create a video recording of the entire inspection. Furthermore, the Federal Rules of Civil Procedure protect

Plaintiffs by providing for sanctions in the event an attorney is found to have made a misrepresentation to this Court or in the event of spoliation of evidence. *See* Fed. R. Civ. P. 11, 37.

## 2. Protection of Trial Preparation Materials and Activities

Plaintiffs have also argued that they want to attend the inspection, in part, "to establish a common factual baseline of what took place during the inspection" [DE 21 at 7] and because they "are far better able to prepare for trial if they (or their counsel) have been able to personally observe the manner in which the inspection is conducted." [DE 21-12 at 5]. Plaintiffs' language is consistent with the court's rationale in *Coleman*. 2007 U.S. Dist. LEXIS 99928, at *24. And indeed, the conduct of the inspection likely constitutes discoverable underlying facts relevant to the interpretation of Defendants' expert's ultimate opinion and report. *See* Fed. R. Civ. P. 26(b)(3)(A)–(B); *Valley Forge Ins. Co.*, 2017 WL 1361309, at *9. However, the unique circumstances of *Coleman*—its status as a large class action, the large number of site inspections, and the relevance of plaintiff testimony to the experts involved in the inspections—made attendance by opposing counsel to avoid wasting the parties' resources much more valuable. Moreover, the court decided that all inspections, whether conducted by the plaintiffs or the defendants, should be open to opposing counsel.

Plaintiffs' case here is not as large or complex as the class action in *Coleman*. And most critically, Plaintiffs' expert has already conducted a private inspection of the RV. Thus, Defendants' costs for deposing Plaintiffs' inspection expert and other discovery targeting the facts underlying Plaintiffs' expert's report were not minimized.

Defendants would also be prejudiced by an open inspection because Plaintiffs would have an unfair advantage in preparing for trial having attended Defendants' expert's inspection when Plaintiffs prevented Defendants from deciding for themselves whether to attend the inspection conducted by Plaintiffs' expert.

Similarly, Plaintiffs' heavy reliance on *Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370 (N.D. Ill. 1981) to support their argument for an open inspection is misplaced due to the unique circumstances of that case. In *Eirhart*, the court allowed the plaintiff's counsel to observe a special production line created by the defendant manufacturer to study the issues raised in the plaintiff's complaint. *Id.* at 371. The court reasoned that the plaintiff was not attempting to glean any test results or opinions through its observation of the defendant's production line study. *Id.* at 372. Additionally, the court found that it would be impossible for the plaintiff to replicate the results of the defendant's study. *Id.* As such, the inspection would not interfere with the preparation of trial materials or strategies protected through Rule 26(b)(3) and (4) and would have satisfied the work product exceptions set out in Rule 26(b)(3).

Again relevant is the fact that Plaintiffs here have already conducted their own private inspection. In so doing, Plaintiffs have essentially already replicated Defendants' anticipated expert inspection leaving Plaintiffs without any substantial need for the information gleaned from the inspection results. Furthermore, Plaintiffs stated that attending the inspection would allow them to better prepare for trial, implying an interest in more than the discoverable underlying facts of the inspection.

11

Regardless of their intentions, however, Plaintiffs would necessarily be privy to both the expert's and Defendants' counsel's trial preparations if allowed to observe Defendants' expert's nondestructive inspection of the RV. The scope of the expert's inspection would be obvious to any observer and will have been directly influenced by the hiring counsel's mental impressions and theories of the case that will undoubtedly dictate the plan for the inspection. Similarly, any observer would be able to discern at least part of the evolution of the expert's thinking during the inspection based upon his conduct. Indeed, the expert's thinking could affect the sequence and scope of his inspection even if no words are spoken.

In other words, Plaintiffs would be improperly intruding upon Defendants' development of their case. *See Cottrell*, 2009 WL 5213876, at *2 (citing *Shoemaker*, 154 F.R.D. at 236). And despite Plaintiffs' arguments to the contrary, Rule 26(b)(3) and (4) protect these aspects of the inspection. Both rules work hand in hand such that the mental impressions of an expert are protected until they are incorporated into his expert report. *Id*. Moreover, the balance of competing interests related to a private inspection favors "allowing the examiner to work in peace" unless destructive testing is proposed or the parties disagree on the nature of any testing. *Diepenhorst*, 2006 WL 1851243, at *1. Plaintiffs have presented no circumstances unique to this case that outweigh Defendants' justified interest in protecting the impressions of both their counsel and their expert when conducting the proposed nondestructive testing of Plaintiffs' RV. *See* Fed. R. Civ. P. 26(b)(3)–(4); *Cottrell*, 2009 WL 5213876, at *2 (citing *Shoemaker*, 154 F.R.D. at 236).

### 3. Prejudice

Defendants' right to a private inspection of Plaintiffs' RV in this particular case does not preclude Plaintiffs from using ordinary discovery methods after the expert's report is disclosed to secure disclosure of any non-privileged facts underlying Defendants' expert's inspection. *See Vardon Golf Co. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 534 (N.D. Ill. 2003) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)); *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 479 (N.D. Ill. 2002). Therefore, Plaintiffs will not be unduly prejudiced if they cannot attend Defendants' expert's inspection.

Admittedly, at least some of the costs associated with expert depositions might have been avoided if the parties could have agreed to attend each other's expert inspections. However, Plaintiffs' inspection of the RV without notice to Defendants tipped the scales enough that Defendants' trial preparations would be compromised if their expert cannot conduct their own private inspection. The prejudice Defendants will likely suffer if Plaintiffs' counsel attends their expert's inspection will arise just by the process of the inspection regardless of any precautions the expert may take and outweighs any of Plaintiffs' reported concerns about a private inspection when Defendants were not afforded the same opportunity.

### B. The Parties' Inspection Protocol

Plaintiffs' other central argument against a private inspection is the alleged inspection protocol between counsel's law firms who have worked together in recent years on similar RV cases. The Court does not want to minimize the importance and validity of such discovery-related agreements. Indeed, this Court regularly relies upon

13

parties' agreement in establishing case management plans. The Court also prefers to empower parties to follow their own litigation plans as much as possible rather than engage in excessive or intensive oversight.

Here, however, Plaintiffs have not provided the Court with enough information about the alleged protocol to support using it to deny Defendants the trial preparation protections afforded by Rule 26(b)(3) and (4). In fact, the record lacks any evidence from which the Court can determine whether the alleged protocol constitutes a valid agreement among the parties, especially now that Defendants' counsel disputes the protocol's existence. Additionally, the time to present such a protocol to the Court passed. The Court would have welcomed the opportunity to incorporate a written version of an inspection protocol into its Rule 16(b) Scheduling Order. As such, the parties should have presented any agreed protocol in their Rule 26(f) Report of Parties' Planning. They did not. Therefore, the Court cannot enforce the alleged protocol.

Without a protocol formally in place, what's good for the goose is good for the gander. Plaintiffs ensured that they were able to conduct a private inspection by failing to provide Defendants with notice that the inspection was happening thereby erasing any opportunity Defendants might have had to attend. Now Defendants shall have the same opportunity. And in the future, counsel should take more care to protect their clients' interests and resources by developing an agreed protocol and presenting it to the Court in the Rule 26(f) Report of Parties' Planning so the Court can incorporate it into the Rule 16(b) Scheduling Order and enforce it, as necessary.

### C. Rule 37 Attorney Fees

When a motion to compel is resolved, the court is left to determine whether either party's reasonable expenses incurred in making the motion, including attorney's fees, should be awarded. Fed. R. Civ. P. 37(a)(5)(A)–(B). Both parties' explicitly request such an award assuming that the Court will have favored them in resolving Defendants' instant motion to compel. As discussed above, the Court has favored Defendants. Therefore, the Court must now, after giving Plaintiffs an opportunity to be heard, require them to pay Defendants' reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A). "[T]he court must not order this payment if . . . [Plaintiffs'] objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.*

Here, Plaintiffs presented arguments and supporting legal authority in their response brief that exposed a challenging procedural issue requiring careful consideration of the unique circumstances of this case. As such, Plaintiffs' objection to the private inspection was substantially justified making an award of expenses under Rule 37(a)(5)(A) unjust. Therefore, the parties shall cover their own expenses in litigating this motion.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendants' motion to compel as to the RV inspection. [DE 18]. The Court **ORDERS** Plaintiffs to make the RV available for an inspection by Defendants' expert at a date mutually acceptable to all parties and under the terms set forth in Defendants' Amended Notice. [DE 21-9].

Additionally, the Court **ORDERS** Defendants to create a video recording of the entire inspection and to serve it on Plaintiffs along with the expert's report.

The Court also **DENIES IN PART** Defendants' motion to compel as to an award of reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A).

**SO ORDERED** this 14th day of May 2019.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge