UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINDA AND KEN SMITH, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:17-CV-815 DRL |
| NEXUS RVS, LLC and ALLY FINANCIAL, INC., | |
| Defendants. | |

OPINION & ORDER

On March 17, 2021, both Linda and Ken Smith and Nexus RVs, LLC filed motions *in limine*. The Smiths filed three requests, and Nexus filed twenty. The court made several preliminary rulings on these issues at the final pretrial conference on March 24, 2021. The court memorializes the prior rulings and decides now those taken under advisement.

STANDARD

The court has broad discretion to rule on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidentiary rulings ordinarily should not be made until trial when the court can resolve admissibility issues in proper context. The court thus excludes evidence *in limine* only if it "is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp.2d 1017, 1020 (N.D. Ind. 2000). If admissible on one ground or another, the court will defer ruling on admissibility until trial. *See id.* Even when the court issues an order *in limine*, the order remains preliminary and subject to the court's revision at trial. *See Farfaras v. Citizens Bank & Trust*, 433 F.3d 558, 565 (7th Cir. 2006).

DISCUSSION

    A.    *The Court Denies as Moot the Agreed-Upon and Withdrawn Issues.*

The parties agreed to and withdrew certain requests. Accordingly, based on the agreement of the parties, the court denies the motions as moot specific to the Smiths' issues 1 and 2, and Nexus' issues 2-3, 5-6, 8, 10-11, and 13-15. Their agreement will suffice. The court also denies as moot Nexus' issues 18 and 20 because the company withdrew these requests during the final pretrial conference (Tr. 85-86).

    B.    *The Court Denies the Smiths' Motion to Exclude the Weight Ticket and Related Rule 702 Opinions (Issue 3).*

Though Nexus should have disclosed the weight ticket sooner, *see* Fed. R. Civ. P. 26, the court finds the nondisclosure harmless, *see* Fed. R. Civ. P. 37(c); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Data from the weight ticket was previously disclosed to the Smiths. The Smiths had an opportunity to question the proposed expert about this information. The weight ticket merely served as confirmation of numbers that were already included in his report. It seems too that the proposed expert's departure from the company may have disrupted at least part of the time to disclose. Nexus may use the weight ticket as an exhibit at trial to the extent that a foundation can be laid for its admissibility. The court denies the Smiths' motion as to issue 3.

    C.    *The Court Denies Nexus' Motion to Exclude Any Testimony or Evidence Regarding Incidental and Consequential Damages (Issue 1).*

Nexus argues that the Smiths should be precluded from introducing the subject of consequential and incidental damages at trial based on the court's summary judgment ruling. During the final pretrial conference, the Smiths agreed that the question for the court to decide is whether they have preserved the right to incidental and consequential damages under the Indiana Deceptive Consumer Sales Act (IDCSA). Thus, the Smiths abandoned any argument that the incidental and

consequential damages exclusion didn't apply to their warranty claims, including implied warranty and MMWA claims (Tr. 27-28).

Nexus takes the summary judgment ruling too far. Though it may well be wise for a plaintiff in the future to articulate an argument for preserving a claim (or type of damages) in response to a summary judgment motion, Nexus based its opening argument only on the validity of the Limited Warranty's exclusion (ECF 43 at 17). In doing so, Nexus cited two cases for its position—*Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 946-47 (Ind. 2001) and *Skodras v. Gulf Stream Coach, Inc.*, 2010 U.S. Dist. LEXIS 2010, 15-18 (N.D. Ind. Jan. 8, 2010). Both cases concern the exclusion of consequential damages under a warranty theory. Neither case concerns the exclusion of these damages under a tort-like theory, such as an IDCSA claim. In reply, Nexus again returned to the UCC but offered no argument for excluding these damages under a non-warranty theory.

The court concluded that the contractual exclusion of damages was enforceable, and likewise specific in its discussion to the UCC. Nexus never made the argument that the exclusion should carve away damages recoverable under the IDCSA—what the statute separately calls actual damages. *See* Ind. Code § 24-5-0.5-4(a). That would have been an altogether different trick because this warranty isn't written to exclude consequential damages under any theory of recovery as some warranties are— only what is recoverable or not recoverable "by limited warranty." There is no language in the warranty that excludes consequential damages based on another theory, including tort. Such an argument wasn't presented or developed by Nexus, and the court never reached it. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002)); *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008); *McCoy v. Maytag Corp.*, 495 F.3d 515, 525 (7th Cir. 2007).

Accordingly, the Smiths may present testimony or evidence of actual damages under the IDCSA, including consequential or incidental damages to the extent that they fall within the meaning

3

of actual damages. *See*, *e.g.*, *Captain & Co., Inc. v. Stenberg*, 505 N.E.2d 88, 98-99 (Ind. Ct. App. 1987); *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 852-53 (Ind. Ct. App. 1980). Because the court cannot conclude that this evidence is inadmissible on all grounds, it must deny this request for an order *in limine*. Appreciating that consequential and incidental damages cannot be recovered under an implied warranty theory because the Smiths abandoned that position, this issue will be handled by damages instructions to the jury.

        D.        *The Court Denies Nexus' Motion to Exclude Any Valuation Testimony by the Smiths (Issue 4).*

Nexus seeks to preclude the Smiths from testifying about the RV's value. Under Federal Rule of Evidence 701, the Smiths may testify about the value of their property if within their personal knowledge. *See Cunningham v. Masterwear Corp.*, 569 F.3d 673, 675-76 (7th Cir. 2009). They cannot merely serve as a mouthpiece for another person's valuation or stretch into Rule 702 expert opinion—such as stating what the "fair market value" is without a basis for saying so. *See id.* All this must await the context of trial. Valuation testimony by the Smiths isn't clearly inadmissible on all potential grounds, so the court denies this request for an order *in limine*.

        E.        *The Court Grants Nexus' Motion to Exclude Any Evidence or Testimony about Revocation of Acceptance of the RV or Rescission (Issue 7).*

The court has already ruled that the Smiths have not established genuine triable issues on a revocation of acceptance theory (ECF 59 at 17). The Smiths concur that they cannot present a theory of revocation of acceptance and also rescission, though they contend that they should be able to ask for a full refund of the purchase price. Though the court disagrees that a full refund constitutes "equitable relief" under the MMWA, at least as the Smiths present that argument, the court agrees that the Smiths may make their request for damages, including, if they choose to do so consistent with this court's rulings, a pitch for a full refund. Use of the terms "revocation of acceptance" or "rescission" is precluded. They are not just irrelevant theories with no probative value; but they will prove unduly confusing to the jury and substantially prejudicial if presented as legal theories of

4

recovery. *See* Fed. R. Evid. 402, 403. To be clear, the Smiths may still argue that they are entitled to their damages and may also introduce evidence of the fact that they asked Nexus to take the RV back and Nexus declined. What the Smiths cannot do is pursue theories of revocation or rescission.

      F.      *The Court Grants Nexus' Motion to Exclude Any Evidence and Testimony of New Expert Opinions Not Disclosed in Expert Reports or Deposition (Issue 9).*

Nexus is concerned that the Smiths may elicit new opinions from their Rule 702 witness, Phillip Grismer. Given the argument at the final pretrial conference, the court grants this request without excluding the ability of the Smiths to present portions or subparts of Mr. Grismer's previously disclosed opinions without presenting the total. This case now revolves around the weight issue, not other repaired defects, so Mr. Grismer will need to present only the pertinent portions of his opinions.

      G.      *The Court Grants Nexus' Motion to Exclude Any Argument or Evidence About the Spoilation of Evidence (Issue 12).*

Nexus seeks to preclude the Smiths from arguing that the weight ticket is unreliable given the timing of its disclosure. There is no evidence to this effect or evidence of spoilation. This strikes the court as a pure discovery issue that would be inappropriate to air out in front of a jury. Such testimony or argument is irrelevant; and, to the extent it has any probative value, that probative value is substantially outweighed by the danger of confusing the jury. Fed. R. Evid. 401-403. This ruling only precludes argument about spoilation. The Smiths may still challenge the substance of the weight ticket, and whether the weights on the ticket appropriately reflect this RV's condition.

      H.      *The Court Grants Nexus' Motion to Exclude Any Evidence of Reviews by Other Customers (Issue 16).*

The Smiths planned to introduce a Better Business Bureau review made by an unknown individual listed as "Mitch D." This review has nothing to do with the RV the Smiths purchased. Indeed, it seems the review was published in August 2017 after the Smiths bought their unit in April 2017. This proposed exhibit lacks any indicia of trustworthiness, remains irrelevant as it concerns a different RV model, and risks unfair prejudice and jury confusion that substantially outweigh what

5

appears to be no probative value, even if a foundation could be laid around a hearsay objection—itself doubtful when "Mitch's" identity remains unknown and when he won't be called to testify. *See* Fed. R. Evid. 401-403, 801. The Smiths offer this exhibit to show Nexus' willfulness under the IDCSA claim, but it hardly does that when it came out after the Smiths bought their unit. The court grants an order *in limine* on this issue.

      I.     *The Court Denies Nexus' Motion to Exclude Any Evidence or Argument Regarding the Magnuson-Moss Warranty Act (Issue 17).*

The court denies the request for an order *in limine* on this issue. The Smiths are pursuing an implied warranty claim and a MMWA claim. The Smiths are entitled to pursue both theories and may make arguments that only apply to one of those claims rather than both of them.

      J.     *The Court Denies Nexus' Motion to Exclude Evidence and Testimony about Alleged Consumer Protection Violations (Issue 19).*

Nexus briefed this issue when it thought that the Smiths intended to pursue seven different theories under the IDCSA. At the final pretrial conference, the Smiths conceded that they planned to pursue only two theories under the IDCSA—that Nexus breached the implied warranty and that Nexus misrepresented the weight of the RV (Tr. 41). The court addresses only these two theories because this trial has been winnowed accordingly.

A breach of warranty alone isn't enough to constitute a deceptive act. *See McKinney v. State*, 693 N.E.2d 65, 73 (Ind. 1998); *Castagna v. Newmar Corp.*, 340 F. Supp.3d 728, 741 (N.D. Ind. 2018). Nothing within the statute's plain language or the gloss of cases suggests that a warranty breach alone suffices, and such a view would extend the Indiana General Assembly's declaration of what is "unfair, abusive, or deceptive" beyond its intent. Ind. Code §§ 24-5-0.5-3(a), (b). A prohibited act may include "both implicit and explicit misrepresentations," Ind. Code § 24-5-0.5-3(a), but a warranty breach will often be neither. To put a finer point on this, that a product suffers from an unforeseen defect, or even that the manufacturer proves unable to complete the warranted remedy of a repair, or perhaps

that the repair occurs later than as promised in the warranty because of commercial reasons, or that any other number of warranty breaches occur doesn't mean that the supplier acted abusively or deceptively. The statute requires more. *See, e.g.*, Ind. Code §§ 24-5-0.5-3(b)(1), (b)(2). A misrepresentation about a warranty may prove deceptive, *see, e.g.*, Ind. Code § 24-5-0.5-3(b)(8), but not a mine-run breach of warranty. *See Castagna*, 340 F. Supp.3d at 741. Indeed, the Indiana Supreme Court has explained that a statement of opinion or mere puffing about a product will not serve as a representation of fact that could be deceptive under the IDCSA. *See Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 332-33 (Ind. 2013).

That leaves unaddressed whether the Smiths may proceed on this theory at trial. Nexus never moved for summary judgment by arguing that the warranty breach theory was insufficient under the IDCSA, and a motion *in limine* isn't a substitute for a summary judgment argument.[1] *See Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 U.S. Dist. LEXIS 100719, 16-18 (N.D. Ill. July 19, 2012) (St. Eve, J.). The sufficiency of the notice strikes the court as a question of law; nonetheless, the court won't preclude the Smiths' ability to introduce evidence at trial in the attempt to shore up a deceptive act about the warranty that would be cognizable under the IDCSA when Nexus hasn't sought that relief through summary judgment. Nexus will need to seek relief under Rule 50, if appropriate.

On the second theory, Nexus argues that the Smiths' IDCSA notice was insufficient. Under the IDCSA, a deceptive act includes a representation that the product has "performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have," as well as representations that the product "is of a particular

---

[1] Nexus moved for summary judgment on the argument that the IDCSA wasn't pleaded with particularity, and only in reply crafted an argument that a breach of warranty alone wasn't a deceptive act. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("arguments made for the first time in a reply brief are generally treated as waived").

standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not." Ind. Code §§ 24-5-0.5-3(b)(1), (b)(2).

The Smiths asserted these theories in their notice to Nexus. The notice claimed that David Middleton (the letter's addressee) and "other employees of the company" made numerous misrepresentations about the unit. The notice referred to promises during "the process of considering, ordering, and taking delivery of the RV." The notice referred to a specific instance on November 5, 2016 after the Smiths inquired specifically about the weight capacity. The notice also referred to representations by the company's finance representative about the unit's weight. The notice thus seems to cover representations by David Middleton (president), Kelli McClanahan (finance), and Justin Nagle (salesman). Even if Richard Potter (general manager) or an act by him isn't identified, the notice adequately advised Nexus of the nature of the deceptive act—namely, a misrepresentation about the unit's weight and carrying capacity.

The IDCSA, based on such an act, permits suit when the consumer gives notice in writing to the supplier that "state[s] fully the nature of the alleged deceptive act and the actual damage suffered therefrom." Ind. Code § 24-5-0.5-5. The statute "demands liberal construction," and this liberality has been adopted in assessing a notice's sufficiency. *Captain & Co.*, 505 N.E.2d at 95-96. Though the statute requires a full statement of the alleged deceptive act, the notice doesn't need to provide that statement with "absolute precision." *Id.*; *see also Hoopes v. Gulf Stream Coach, Inc.*, 2014 U.S. Dist. LEXIS 137055, 30 (N.D. Ind. Sept. 29, 2014). The notice sufficiently does so for misrepresentations vis-à-vis the unit's weight.[2]

---

[2] Nexus cites *Lehman v. Shroyer*, 721 N.E.2d 365, 368 (Ind. Ct. App. 1999), for the proposition that the notice must contain a specific description of the alleged deceptive act to be sufficient. In that case, the plaintiffs didn't specifically allege any act of deception, *see id.*, which isn't what happened here. The issue was addressed in review of a bench trial, not a jury trial.

What's more, the argument about whether the notice is sufficient is one for summary judgment, not a motion *in limine*. See *Sys. Dev. Integration*, 2012 U.S. Dist. LEXIS 100719 at 16-18. That time has passed. Accordingly, the court denies the request for an order *in limine* on this issue.

## CONCLUSION

For these reasons, the court DENIES AS MOOT the Smiths' motion *in limine* on issues 1 and 2 and Nexus' motion *in limine* on issues 2-3, 5-6, 8, 10-11, 13-15, 18, and 20; DENIES the Smiths' motion *in limine* on issue 3; GRANTS Nexus' motion *in limine* on issues 7, 9, 12, 16; and DENIES Nexus' motion *in limine* on issues 1, 4, 17, and 19 (ECF 84-85). Accordingly, the court ORDERS the plaintiffs and their counsel not to offer at trial evidence, testimony, or argument about (a) revocation of acceptance or rescission theories, (b) expert opinions not previously disclosed in expert reports or deposition, (c) spoliation of evidence, or (d) RV reviews by other customers.

SO ORDERED.

March 31, 2021  *s/ Damon R. Leichty*
Judge, United States District Court